## LEVI L. LEONARD *vs.* GRAHAM A. ROOT.

A deputy sheriff made an attachment of certain property of A on a writ sued out against A by B ; before the entry of the action the parties agreed in writing to refer it to certain arbitrators, and that B should take the property attached, at an appraisement to be made by the arbitrators, in full satisfaction of his claim; the reference did not take place; the action was entered, and A filed an answer, setting up the agreement to refer; the action was subsequently referred by rule of court to other referees, who made an award which the court accepted. *Held*, in an action by A against the sheriff for the failure of his deputy to restore the property attached, that upon evidence of the facts above stated, the presumption of law was that the referees, in making their award, had appraised the value of the property attached and allowed it to A, and that parol evidence was admissible to rebut this presumption.

ACTION OF TORT against the sheriff of Berkshire for the default of one of his deputies in not safely keeping and restoring to the plaintiff a quantity of hay attached on mesne process, but not taken on execution, in a suit against the plaintiff. Trial and verdict for the plaintiff in the superior court before *Putnam, J.,*

to whose rulings the defendant alleged exceptions. The case is stated in the opinion.

*J. C. Wolcott*, for the defendant.

*J. N. Dunham*, for the plaintiff.

MERRICK, J. The hay which is the subject of controversy in the present suit was attached by one of the defendant's deputies as the property of the plaintiff, on a writ sued out against him y Sarah C. Wolcott. After the service of the writ and before the entry of it in court, the parties entered into an agreement in writing to refer the action to certain persons named as arbitrators. It was a part of this agreement that Wolcott should take the hay, which had been attached, at an appraisal of the arbitrators, in full satisfaction of the cause of action. The reference however never took place; and the action was entered in court. The defendant filed an answer to the declaration, and annexed to and made part of it the written agreement before mentioned. After this was done, the case was referred by rule of court; the parties were heard by the referees; and their award was made, returned into and accepted by the court. These facts were disclosed by the papers in the former suit, which were produced upon the trial of the present action. The court ruled that, upon the facts which they presented, the jury were to consider that nothing in relation to the hay was regarded by the referees or determined by them in that suit.

This ruling appears to us to be founded upon a misapprehension of the effect of the reference of the action under the rule of court. The case, that is, the whole case, including the averments of the defendant in the answer, as well as the allegations in the declaration, was referred. The referees therefore, in the discharge of their duty, should have taken into consideration, not merely the allegations and statements contained in the declaration, but those also which were set forth in the answer. This would necessarily and unavoidably have brought them to the consideration of the agreement between the parties, in which it was stipulated that the plaintiff should take the hay, which had been attached on her writ, in payment and satisfaction of her claim against the defendant. It is true that the agreement was

Leonard v. Root.

never wholly carried into effect, because the referees named in it never heard the parties or made any award. But the failure of the agreement relating to the hay and the acceptance and retention of it towards satisfaction of the cause of action remained, and might very properly be considered in determining how much the plaintiff ought to recover. It is difficult to see how the referees by whom the case was heard and determined could have failed to give this effect to the former agreement. That something was due to the plaintiff does not appear to have been contested; and that the amount admitted to be due exceeded the value of the hay is apparent from the consideration that its value, to be ascertained upon an appraisal, was to be allowed by the plaintiff towards satisfaction of her claim. If that was the original stipulation between the parties, and the only essential difference between the first and last agreements was to substitute one set of referees for another, it would seem to be the plain duty of the last, in making their award, to allow the defendant the value of the hay which the plaintiff had agreed to receive and retain in part satisfaction of her demand. If the papers filed in the case and the facts disclosed in their contents only are to be considered, the conclusion from the facts would seem to be that the referees did regard the hay as a subject to which they were to give their attention, and that they should allow the defendant its value, in conformity with the agreement of both parties that such a disposition should be made of it.

The ruling upon this question having been erroneous, the exceptions of the defendant must be sustained, and a new trial granted. It will, upon a new trial, be competent for the plaintiff to show, if such is the fact, by parol evidence, that the referees did not regard the hay, nor in making their award allow its value to the defendant. But, in the absence of any such evidence, the presumption of law is that the allowance was made, and that the defendant thus had the full benefit of the value of the property, and consequently that this action can· not be maintained. *Exceptions sustained.*